UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYSHAWN MANGHAM,<br><br>Plaintiff,<br><br>v.<br><br>DELTA SELF STORAGE LLC, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>22-4145 (CCC) (LDW)<br><br>**MEMORANDUM<br>OPINION and ORDER** |

**LEDA DUNN WETTRE, U.S.M.J.**

Before the Court is plaintiff's motion for reconsideration of two rulings the Court issued during a March 19, 2025 hearing set to resolve certain discovery disputes. (ECF 84).[1] Defendants oppose the motion. (ECF 87). For the reasons set forth below, the motion for reconsideration is **DENIED.**

## BACKGROUND

Plaintiff brings this employment discrimination action against her former employer Delta Self Storage LLC ("Delta") and one of its employees, Phil O'Hara, under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Family and Medical Leave Act, and the New Jersey Law Against Discrimination. (Complaint, ECF 1). Plaintiff was a store advisor in Delta's Jersey City, New Jersey location from March 2019 until her termination in January 2021. (*See id.* ¶¶ 23, 24, 105-107). She contends that she was "harassed, discriminated against, and retaliated against . . . based on race, ethnicity, color, sex, gender, disability, medical/health impairments, medical leave(s) and legally protected complaints." (*Id.* ¶ 1). These allegations are based primarily on her not being promoted to a supervisory position, Delta's handling of her medical leave in January 2021, and her termination from employment. (*See generally id.* ¶¶ 20-113).

Fact discovery commenced in July 2023 with the issuance of the Pretrial Scheduling Order. (ECF 27). Although the parties were required under that Order to complete fact discovery in a

---

[1] The rulings were transcribed during the hearing (ECF 76) and memorialized in an Order entered March 20, 2025. (ECF 75).

seven-month period ending in February 2024, they ultimately were given an additional *year* of fact discovery. The final discovery deadline was February 27, 2025. (ECF 67). The parties were afforded this nineteen-month fact discovery period due to their multiple requests for extension and the Court's need to resolve numerous discovery disputes. (*See, e.g.,* ECF 48, 58, 67, 70). In all, the Court granted the parties *six* discovery extensions. (*See* ECF 34, 37, 44, 53, 55 and 67).

In February 2025, after a failed settlement conference, the Court ordered the parties to submit any final fact discovery disputes for resolution. (ECF 71). They did so in letters found at ECF 72, 73 and 74. The Court held a hearing on March 19, 2025 (the "Hearing") concerning the issues raised by these letters and to resolve all final fact discovery disputes so that the case could proceed forward to expert discovery and dispositive motions. (*See* Hearing Transcript ("Tr.") at ECF 76).

## DISCUSSION

Plaintiff seeks reconsideration of two of the Court's rulings made at the Hearing. The first required defendants to confirm in a formal document response pursuant to Fed. R. Civ. P. 34 that they had no further responsive documents to produce in response to five of plaintiff's Requests For Production. (ECF 75 ¶ 1). The second denied plaintiff's motion to compel a deposition of Delta employee Chris Vazquez but granted the alternative relief of allowing plaintiff to serve an interrogatory on Delta concerning the same subject for which plaintiff sought that employee's testimony – *i.e.*, the details regarding Delta's purported accommodation of his medical disability (hereinafter, "the Interrogatory"). (*Id.* ¶ 3).

Plaintiff now seeks reconsideration on the ground that the Interrogatory response from Delta provides a basis for the Court to reconsider its rulings. Specifically, plaintiff contends that Delta's response to the Interrogatory demonstrates that (1) contrary to its earlier representations, Delta does in fact have documents responsive to the five Requests For Production discussed at the Hearing; and (2) she should be permitted to take Vazquez's deposition as originally requested.

A motion for reconsideration is a very narrow and limited vehicle for challenging a Court's ruling. Under Local Civil Rule 7.1(i), such a motion must "set[] forth concisely the matter or controlling decisions which they party believes the Judge has overlooked." The three grounds for relief are (1) "an intervening change in controlling law;" (2) new evidence not previously available; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff seeks reconsideration solely on the basis of alleged new evidence – the Interrogatory response – that was served after the Court issued its rulings. The Court considers in turn below whether each of its two challenged rulings should be reconsidered in light of the Interrogatory response.

1. *Denial of Application to Compel Responses to Plaintiff's Five RFPs*

The Court denied plaintiff's application to compel further responses to plaintiff's Requests For Production based on defendant Delta's representation that it had no further documents in its possession, custody or control that were responsive to any of the five separate categories sought by plaintiff. (*Compare* ECF 72 at 2 *to* ECF 73; *see also* Tr. at 21:7-8). The Court ordered Delta to formalize its representation that no further responsive documents existed by serving a formal document response in the manner required by Federal Rule of Civil Procedure 34. (*See* Tr. at 23:5-14; ECF 75 ¶ 1).

Reviewing the Interrogatory response, the Court finds no new evidence on which to reconsider that ruling. (*See* ECF 82-2).[2] Plaintiff claims that the Interrogatory response admits to the existence of documents concerning Delta employee Vazquez's request for an accommodation of a disability. (*See* ECF 83 at ECF pp. 25-27). But the response does not refer to or indicate the existence of any previously unproduced responsive documents. (*See* ECF 82-2). Moreover, defendants once again confirm in their memorandum in opposition that none exist. (*See* ECF 87 at ECF pp. 4, 9-10). Plaintiff's counsel's continued refusal to accept the representations properly made by a party and its counsel, an officer of the Court, does not constitute "new evidence." There is no basis for reconsidering this aspect of the Order. The Court therefore turns to the next ruling plaintiff challenges.

2. *Deposition of Delta Employee Vazquez*

The Court now determines whether there is new evidence upon which to reconsider its denial of plaintiff's motion to compel the deposition of her co-worker Chris Vazquez. At the Hearing, plaintiff argued that she should be able to take Mr. Vazquez's deposition to ask him about Delta's purported accommodation of his disability. Plaintiff noted that a Delta supervisor, Ms. Fadia Zahiryeh, had testified previously at deposition that the company had accommodated the disability of Mr. Vazquez, a non-African-American employee, whereas plaintiff argued that she, an African-American employee, had not been accommodated. (*See* ECF 72 at 2).

The Court, having assumed *arguendo* at the Hearing that the subject of the deposition would be relevant to plaintiff's claims (despite the absence of a pleaded claim for racial disparity in the accommodation of disabilities), found that plaintiff had been provided sufficient discovery on this subject without taking Mr. Vazquez's deposition. Ms. Zahiryeh's deposition testimony,

---

[2] The Court observes that plaintiff served an Interrogatory that was not in compliance with what the Court had permitted. While the Court authorized a single, comprehensive contention interrogatory, and allowed plaintiff to include subparts (*see* Tr. at 32:21-25), plaintiff served what was in effect a full *set* of interrogatories – a supposed "single interrogatory" with more than 20 subparts and 158 separate questions, plus numerous embedded document requests. (*See* ECF 82-2). Had Delta objected to this Interrogatory, the Court certainly would have sustained the objection.

according to plaintiff, already had established that Mr. Vazquez had been accommodated. (*See* ECF 72 at 3). Therefore, the Court found that the further testimony of a rank-and-file employee, Mr. Vazquez, who could not speak for the company would provide little relevant testimony on this issue and was not "proportional" within the meaning of Federal Rule of Civil Procedure 26. (Tr. at 24:11-18, 30:9 to 31:3, 31:24 to 32:18). To the extent that plaintiff's counsel expressed concern that others at Delta might contradict Ms. Zahiryeh's testimony, the Court allowed a contention interrogatory to be served on Delta concerning its purported accommodation of Mr. Vazquez for that very reason. (*See id.*; *see also* Tr. at 32:21 to 33:2). As the Court noted, the Interrogatory could cover the subject of Mr. Vazquez's alleged accommodation broadly, would provide Delta's position on the subject, and would be served and answered within two weeks. (Tr. at 32:9-16; ECF 75 ¶ 3). The Court, in granting this alternative relief rather than the deposition itself, additionally noted that Mr. Vazquez's deposition had been sought unjustifiably late in the extended fact discovery period, having only been noticed on February 14, 2025, when the close of fact discovery was just thirteen days away, though plaintiff had known about this witness since at least early November 2024 and was well aware that the Court was unlikely to grant any further discovery extensions. (Tr. at 24:19-23).

Plaintiff argues on reconsideration that Delta's Interrogatory response contradicts the previous deposition testimony of Delta employee Zahiryeh. She contends, while arguing extensively the merits of the claims, that the contradiction between the Interrogatory response and Zahiryeh's testimony constitutes new evidence on which she should be permitted to depose Mr. Vazquez.

The Court disagrees. First, the point plaintiff seeks to make through Mr. Vazquez's deposition is of little demonstrated relevance to plaintiff's claims, given that the theory of racial disparity in disability accommodation is not even asserted in the Complaint. Second, plaintiff has already received sufficient discovery on this subject. Even if the topic of Vazquez's accommodation is relevant, his deposition is certainly not proportional under Federal Rule of Civil Procedure 26 given that plaintiff already has had the opportunity to take depositions on this subject and serve a very broad contention interrogatory on Delta. Finally, if Delta's Interrogatory response is contradictory to the testimony of Delta's employee Zahiryeh, then plaintiff may exploit that disparity on summary judgment and at trial on the existing record. The taking of yet more discovery by plaintiff after she has had an extraordinarily ample opportunity to do so, and the allowance of a deposition that was sought far too late in the discovery period, is not appropriate. The Court's granting of six discovery extensions and its resolution of numerous discovery disputes is enough. Fact discovery is finally concluded, and the parties shall file their summary judgment motions in accordance with the Order entered June 6, 2025. (ECF 93).

## **CONCLUSION**

Plaintiff has not demonstrated any new evidence to justify the discovery she again seeks. Her motion for reconsideration is therefore **DENIED**. Further, plaintiff's request for sanctions pursuant to Fed. R. Civ. P. 37 is baseless and is also **DENIED**. The Clerk of Court is directed to terminate the motion at ECF 84.

It is **SO ORDERED**.

Dated: June 24, 2025

                                                   *s/ Leda Dunn Wettre*
                                                   Hon. Leda Dunn Wettre
                                                   United States Magistrate Judge