**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAYSHAWN MANGHAM, <br><br> Plaintiff, <br><br> v. <br><br> DELTA SELF STORAGE LLC and PHIL O'HARA, <br><br> Defendants. | Civil Action No. 22-4145 <br><br><br> **MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiff Rayshawn Mangham's ("Plaintiff") appeal of Magistrate Judge Leda Dunn Wettre's June 24, 2025, memorandum opinion and order, ECF No. 95 ("Recons. Op. & Order"), denying her motion for reconsideration, *see* ECF No. 105 ("Moving Br."). Defendants Delta Self Storage LLC ("Delta") and Phil O'Hara ("O'Hara") (collectively "Defendants") opposed the appeal. ECF No. 112 ("Opp'n Br."). The Court decides the appeal without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will affirm Judge Wettre's June 24, 2025, memorandum opinion and order.[1]

**WHEREAS** on June 19, 2022, Plaintiff filed this employment discrimination suit against her former employer Delta and one of Delta's employees, Mr. O'Hara. ECF No. 1. In particular, Plaintiff—an African American woman—alleges that she was "harassed, discriminated against, and retaliated against . . . based on race, ethnicity, color, sex, gender, disability, medical/health impairments, medical leave(s)[,] and legally protected complaints" in violation of the Americans

---

[1] Defendants correctly note that Plaintiff's filing is styled as "objections," not as an "appeal as to a non-dispositive motion." Opp'n Br. at 12; *see* L. Civ. R. 72.1(a)(1); *compare* Fed. R. Civ. P. 72(a), *with id.* 72(b). However, the Court will excuse this oversight and consider Plaintiff's filing to be an appeal of Judge Wettre's June 24, 2025, memorandum opinion and order.

with Disabilities Act, Title VII of the Civil Rights Act, 42 U.S.C. § 1981, New Jersey's Law Against Discrimination, and the Family and Medical Leave Act. *Id.* ¶¶ 1, 3, 20, 114–322; and

**WHEREAS** the Parties commenced fact discovery in July 2023. Recons. Op. & Order at 1. And though they "were [originally] required . . . to complete fact discovery" by February 2024, Judge Wettre granted the Parties several extensions for a total of twelve months. *Id.* at 2. As a result of these extensions, the Parties' final fact "discovery deadline was February 27, 2025." *Id.*; and

**WHEREAS** despite this extensive discovery period and Judge Wettre's significant involvement, the Parties still had discovery issues in February 2025. *Id.* Accordingly, Judge Wettre ordered the Parties to advise the Court of "all remaining discovery issues." ECF No. 71. Relevant here, Plaintiff filed a letter contending that Defendants still had not disclosed "documents related to [Plaintiff's] similarly situated coworkers, including Chris Vasquez . . . , whom Defendants [allegedly] gave accommodations to that they denied to [Plaintiff] after her legally protected complaints." ECF No. 72 at 2. Plaintiff was (and remains) focused on Vasquez, because she claims that another Delta employee, Fadia Zahiryeh, "had testified previously at [a] deposition that [Delta] had accommodated the disability of . . . [Vasquez], a non-African-American employee, whereas [P]laintiff argued that she, an African-American employee, had not been accommodated." Recons. Op. & Order at 3; and

**WHEREAS** according to Plaintiff, "[d]espite receiving Plaintiff's repeated demands for this discovery . . . and despite Defendants' promises to produce it on a rolling basis 'piece by piece,' Defendants suddenly announced . . . that they would not produce any of it." ECF No. 72 at 4. As a result of this alleged refusal to produce this discovery, Plaintiff requested the opportunity to depose Vasquez, stating that "[d]eposing Vasquez is vital to Plaintiff's case in chief and to

2

responding to the asserted defenses." *Id.* at 2; *see id.* at 4 ("Here, because Defendants outright refused to produce documents regarding Chris Vasquez, despite having testified to the existence of such documents under oath, reasonable notice has been given to depose Chris Vasquez in order to depose him immediately."); and

**WHEREAS** in response, Defendants stated that Vasquez's file did not indicate that he was "given a different type of accommodation" from Plaintiff. ECF No. 73 at 1. As such, Defendants argued that Plaintiff's discovery requests were "simply not relevant to this matter." *Id.* Moreover, Defendants disputed that Plaintiff had an "immediate need to depose Vasquez." *Id.* at 2; and

**WHEREAS** Judge Wettre held a hearing on March 19, 2025, "to resolve all final fact discovery disputes." Recons. Op. & Order at 2. Judge Wettre made several rulings, two of which are relevant to this appeal. First, Judge Wettre directed Defendants to "serve a response . . . pursuant to Federal Rule of Civil Procedure 34 to formalize their position that no further responsive documents exist other than those previously produced." ECF No. 75 ("Disc. Order") ¶ 1. Judge Wettre stated that this response would "resolve any and all issues as to requests for documents." *Id.*; *see* ECF No. 76 ("Hr'g Tr.") at 23:5–14. Second, Judge Wettre rejected Plaintiff's request to depose Vasquez. Disc. Order ¶ 3; Hr'g Tr. at 30:9–33:4. However, in lieu of Vasquez's deposition, she permitted Plaintiff "to serve a single comprehensive interrogatory on the subject of [Delta's] accommodation of Vasquez's medical condition." Disc. Order ¶ 3; Hr'g Tr. at 30:9–33:4. At the hearing, Judge Wettre explained that this course would be "better" than a deposition, because Defendants would be required to "state their position . . . on what the company did regarding Mr. Vasquez's accommodation" and then would be "locked in" to their position. Hr'g Tr. at 32:9–16 ("What Mr. Vasquez testifies to will not bind the company. He's an individual."); and

3

**WHEREAS** on March 28, 2025, Plaintiff served Defendants with this interrogatory, which contained over a hundred sub-questions. *See* ECF No. 82-2; Recons. Op. & Order at 3 at n.2 ("The Court observes that plaintiff served an Interrogatory that was not in compliance with what the Court had permitted. . . . . Had Delta objected to this Interrogatory, the Court certainly would have sustained the objection."). Defendants responded on April 3, 2025. ECF No. 82-2. Plaintiff then moved for Judge Wettre to reconsider these rulings based on Defendants' response to the March 28 interrogatory, ECF Nos. 84–85, a request Defendants opposed, ECF No. 87. Judge Wettre denied Plaintiff's motion for reconsideration, Recons. Op. & Order at 1, and Plaintiff now appeals that decision; and

**WHEREAS** Magistrate Judges may "may hear and determine any non-dispositive pretrial [motions] pending before the Court." *Stallman v. First Unum Life Ins. Co.*, No. 23-20975, 2025 WL 3749611, at *2 (D.N.J. Dec. 29, 2025) (citing 28 U.S.C. § 636(b)(1)(A)). Local Civil Rule 72.1 allows a party to appeal a Magistrate Judge's "determination of . . . a non-dispositive motion" to the presiding District Judge. L. Civ. R. 72.1(a)(1); *see also* Fed. R. Civ. P. 72(a). A District Judge may "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see Jackson v. Chubb Corp.*, 45 F. App'x 163, 166 n.7 (3d Cir. 2002). A Magistrate Judge's ruling is "clearly erroneous" "when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *EXP Grp., LLC v. Fres Co., LLC*, No. 23-3180, 2024 WL 1928448, at *2 (D.N.J. Apr. 29, 2024) (citation omitted). And a Magistrate Judge's ruling is "contrary to law" "if the [M]agistrate [J]udge . . . misinterpreted or misapplied [any]

4

applicable law."[2]  *Id.*  Finally, the party filing the appeal bears the "burden of showing that a ruling is 'clearly erroneous or contrary to law.'"  *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *1 (D.N.J. Nov. 15, 2016) (citation omitted); and

**WHEREAS** as an initial matter, Plaintiff's appeal is untimely.  If a litigant wishes to appeal a Magistrate Judge's decision, the litigant must do so within 14 days of service of the decision. *See* L. Civ. R. 72.1(c)(1); *Hightower v. Ingerman Mgmt. Co.*, No. 17-8025, 2022 WL 19266266, at *3 (D.N.J. May 4, 2022).  Here, Plaintiff filed her appeal 23[3] days after Judge Wettre issued her memorandum opinion and order.  *See* Recons. Op. & Order; Moving Br.  Thus, Plaintiff's appeal is barred under Local Civil Rule 72.1.  *See Hightower*, 2022 WL 19266266, at *3; *Am. Health Sys., Inc. v. Liberty Health Sys.*, No. 90-3112, 1991 WL 193456, at *1 (E.D. Pa. Sept. 24, 1991); and

**WHEREAS** even putting aside this fatal deficiency, the Court finds no reversible error. As Judge Wettre correctly noted, "Plaintiff [sought] reconsideration solely on the basis of alleged new evidence—the Interrogatory Response—that was served after the Court issued its rulings."

---

[2] Moreover, in appeals involving discovery disputes such as this one, courts often apply the more deferential abuse of discretion standard of review.  *See, e.g.*, *Celularity Inc. v. Evolution Biologyx, LLC*, No. 23-2135, 2025 WL 3140818, at *3 (D.N.J. Nov. 10, 2025); *Smith v. City of Bayonne*, No. 17-4831, 2023 WL 2500678, at *2 (D.N.J. Mar. 13, 2023) ("A magistrate judge commits an 'abuse of discretion' if the Court's action 'is arbitrary, fanciful or unreasonable.'" (citation omitted)).  Under this line of cases, "[w]hen a [M]agistrate [J]udge's decision is on a highly discretionary matter, . . . the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004).  Because the Court finds no reversible error under the "clearly erroneous" standard," the Court also finds no abuse of discretion.  *See EXP Grp.*, 2024 WL 1928448, at *2; *Black-Meadows v. Deptford Twp.*, No. 20-6951, 2022 WL 16695191, at *2 (D.N.J. Nov. 3, 2022) ("Compared to the 'clearly erroneous' standard, the 'abuse of discretion' standard is considered 'even more deferential.'" (citation omitted)).

[3] The Court notes that before filing this appeal, Plaintiff filed a second reconsideration motion, which Judge Wettre terminated because "the Local Civil Rules do not provide [a litigant] with a second opportunity for reconsideration."  ECF No. 103.  Judge Wettre further noted that "[i]f plaintiff intended to file an appeal to the District Judge of the Court's order denying reconsideration, it should be filed as such."  *Id.*

Recons. Op. & Order. at 2.   After reviewing Plaintiff's arguments, Judge Wettre found that "Plaintiff ha[d] not demonstrated any new evidence to justify the discovery [Plaintiff] . . . seeks." *Id.* at 5; and

**WHEREAS** the Court agrees.   The Court sees nothing in Defendants' April 3 response to Plaintiff's interrogatory that would justify reconsideration (*i.e.*, that undermines Judge Wettre's original order dealing with final discovery issues); and

**WHEREAS** for instance, Plaintiff argues that "Defendants' . . . interrogatory responses purporting that Chris Vasquez somehow had no issue with mobility [responses to 1(i) and (k)] were discredited by . . . Zahriyeh's prior . . . deposition testimony that Vasquez 'hurt his foot'" and received a disability accommodation.   Moving Br. at 22.   Accepting for argument's sake that these two pieces of evidence conflict, that fact would in no way undermine Judge Wettre's original discovery order; in fact, that was exactly the point.   Judge Wettre explained that an interrogatory would "lock" Defendants into a position on Vasquez's purported accommodations.   Hr'g Tr. at 32:9–16.   Plaintiff may attempt to "exploit . . . on summary judgment" any contradiction between Defendants' position and Zahriyeh's testimony.   Recons. Op. & Order. at 4 ("[I]f Delta's Interrogatory response is contradictory to the testimony of Delta's employee Zahiryeh, then plaintiff may exploit that disparity on summary judgment and at trial on the existing record."). Moreover, the Court notes that Judge Wettre found that this alleged inconsistency did nothing to alter the extent to which Vasquez's deposition would be relevant to Plaintiff's claims given her analysis of the complaint.   *See Id.* at 3–4.   Nonetheless, she found that "even if the topic of [Vasquez's] accommodation is relevant, his deposition [would] certainly not [be] proportional under Federal Rule of Civil Procedure 26 given that [P]laintiff already has had the opportunity to

take depositions on this subject and serve a very broad contention interrogatory on Delta." *Id.* at 4; and

**WHEREAS** in addition, Plaintiff asserts that Defendants' April 3 interrogatory response "also mention[s] several months of non-verbal communications" regarding Vasquez's accommodations. Moving Br. at 28; *see id.* at 7. On this issue, Plaintiff points to Defendants' statement that

> Vasquez readily volunteered information about his health condition in a timely manner without any variations from the truth at least ten times. Phil O'Hara was verbally advised on April 30, 2024[,] of Vasquez's injury and similar updates voluntarily came from Vasquez to O'Hara approximately, and at a minimum, nine (9) times over the following seven months. The reasons why the updates were provided is Vasquez followed defendants' policies and procedures as he would voluntarily (and without the need for a request) provide information about his medical information and status in an effort to keep his employer informed thus allowing for an interactive dialogue. Vasquez would, at times, contact O'Hara almost as soon as he left the doctor's office to provide updates.

ECF No. 105-1 at 9. Plaintiff appears to argue that this response shows that Defendants have previously undisclosed responsive documents in their possession, custody, or control, and therefore additional discovery is warranted. *See* Moving Br. at 28. Defendants' response, however, does not refer to documents; it addresses verbal communications. Thus, Plaintiff's assertion that Defendants have failed to provide responsive documents is entirely speculative. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 619 (D.N.J. 2019) ("Speculation does not justify discovery."); and

**WHEREAS** Plaintiff also seeks review of Judge Wettre's supposed error "in not imposing attorneys' fees and related remedies." Moving Br. at 28. Judge Wettre denied this request for sanctions as "baseless." Recons. Op. & Order at 5. Given that Plaintiff has not identified any discovery-related misconduct by Defendants, the Court will affirm Judge Wettre's denial of

sanctions. *See Yoder v. Wells Fargo Home Mortg.*, No. 11-7503, 2012 WL 6562837, at *1 n.1 (E.D. Pa. Dec. 17, 2012).

Accordingly, **IT IS** on this 27th day of February 2026;

**ORDERED** that the Plaintiff's appeal (ECF No. 105) is **DENIED** and Judge Wettre's June 24, 2025, memorandum opinion and order (ECF No. 95) is **AFFIRMED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**